IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN H. WHITT,

      Petitioner,

    v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:17-CV-00110
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth A. Preston Deavers

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Petitioner's Motion for Leave to Proceed in forma Pauperis. Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner challenges his April 13, 2010, convictions in the Coshocton County court of Common Pleas on charges of rape and gross sexual imposition. On June 11, 2010, the trial court

imposed a term of thirty-four years to life incarceration. As his sole ground for relief, Petitioner asserts that the trial court lacked statutory jurisdiction, or venue. However, Petitioner has twice previously filed a petition for a writ of habeas corpus in this Court challenging these same convictions. On August 15, 2002, he filed his first federal habeas corpus petition. On August 7, 2014, the Court dismissed that action as procedurally defaulted or without merit. *See Whitt v. Warden*, Case No. 2:12-cv-731. On February 11, 2015, Petitioner filed his second federal habeas corpus petition. On June 1, 2015, this Court transferred that action to the Sixth Circuit as a successive petition. *See Whitt v. Warden*, Case No. 2:15-cv-560. On January 5, 2016, the Sixth Circuit denied Petitioner's motion for leave to file a second or successive habeas petition. *See In re Stephen Whitt*, Case No. 15-3608 (6th Cir. January 5, 2016).

    28 U.S.C. § 2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper,* 112

F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3) (A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996). That being the case, this Court is without jurisdiction to entertain a second or successive § 2255 petition unless authorized by the Court of Appeals for the Sixth Circuit.

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C § 1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curia*).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive. As this is his third Petition, the Court advises Petitioner that any further Petitions for Habeas Corpus he files in this Court will meet the same fate.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

3

to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov

        **IT IS SO ORDERED.**

DATE:  February 7, 2017          /s/  *Elizabeth A. Preston Deavers*
                                                     **ELIZABETH PRESTON DEAVERS**
                                                   **UNITED STATES MAGISTRATE JUDGE**